UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SONNY CORPORATION, a Michigan corporation,<br><br>Defendant. | NO. C06-20P<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

This matter comes before the Court on Defendant Sonny Corporation's Motion to Dismiss. (Dkt. No. 15). Defendant seeks dismissal of this case for lack of personal jurisdiction. Having reviewed all of the pleadings and supporting documents, the Court finds that Defendant has purposefully directed its activities into Washington State by advertising and shipping products here, Plaintiff's claims arise out of that conduct, and Defendant has not presented a "compelling case" that jurisdiction is unreasonable. Accordingly, Defendant's motion to dismiss is DENIED.

**Background**

Defendant Sonny Corporation is incorporated in Michigan and operates a business that sells an educational plush toy called the "Qwesty." Plaintiff is Qwest Communications International, a Delaware corporation based in Colorado, with offices in Washington and many other states. It

ORDER ON DEFENDANT'S MOTION TO DISMISS - 1

provides communications and related goods and services to businesses and residential consumers. Qwest brings various claims against the Sonny Corporation, including claims for trademark dilution, false designation of origin, unfair competition, and Washington Consumer Protection Act violations.

Defendant sells the "Qwesty" on its website, which is accessible throughout the United States. The website has a drop-down menu that allows customers to select their state and place an order from any state, and Defendant then ships the product to the customer. Defendant has sold its toy in this manner to customers in 22 states, including at least three customers in Washington. As part of its marketing effort, Defendant's website presents testimonials from customers residing in various states and reviews from newspapers across the country.

**Analysis**

Where, as in this case, the court has received and considered affidavits or affidavits and discovery materials, Plaintiff need only demonstrate a prima facie showing of jurisdictional facts to avoid dismissal for lack of personal jurisdiction. See Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). Unless directly contravened, Plaintiff's version of the facts is taken as true, and conflicts between the facts are resolved in Plaintiff's favor. Harris Rutsky & Co. Ins. Srvcs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).

It is undisputed that Defendant is not subject to general jurisdiction in Washington. However, Defendant argues that there is no specific jurisdiction for Plaintiff's claims either. Specific personal jurisdiction requires that (1) the non-resident defendant must purposefully direct his activity or consummate a transaction with the forum or a resident thereof; or purposefully avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801-02 (9th Cir. 2004). Plaintiff bears the burden of proving the first two prongs of the test, and if it can do so, the burden shifts to Defendant to

ORDER ON DEFENDANT'S MOTION TO DISMISS - 2

present a "compelling case" that jurisdiction would be unreasonable. Schwarzenegger, 374 F.3d at 801-802.

1. Purposeful Availment

Determining whether commercial activity over the Internet constitutes "purposeful availment" is an analysis that is still developing. Panavision Intern., LLC v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). The Ninth Circuit has analyzed the issue under the so-called Zippo "sliding scale" test, which determines the sufficiency of website-based contacts by looking at how "interactive" the website is. See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir. 1997), quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D. Pa. 1997). Courts have also applied the "effects doctrine" of Calder v. Jones, 465 U.S. 783 (1984), which looks at whether intentional, tortious conduct was expressly aimed at the forum or the plaintiff. See, e.g., Bancroft & Masters, Inc. v. August Nat., Inc., 223 F.3d 1082, 1087-88 (9th Cir. 2000). Generally, operating at least a passive website, in conjunction with "something more" that demonstrates that the defendant directed activity toward the forum state, is sufficient to confer jurisdiction. Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019-20 (9th Cir. 2002); Bancroft, 223 F.3d at 1087; Toeppen, 141 F.3d at 1322.

Citing Asahi Metal Industries Co. v. Superior Court of California, 480 U.S. 102 (1987), Defendant argues that it did not "expressly aim" its conduct at Washington because it did not direct its activity toward any forum in particular but merely placed its product into the "stream of commerce" by advertising it on its "Michigan website." (Def's. Opp'n at 6-7). Defendant's reliance on Asahi is misplaced because, unlike the Defendant in Asahi, Sony Corporation is not a manufacturer that sells component parts to others who may then assemble or distribute them through their own unilateral activity. Moreover, Defendant's argument based on the Asahi Court's split of opinion is simply unavailing. It is true that the Court split 4-4 on the issue of whether placing a product in the stream of commerce, "without more" was sufficient to establish minimum contacts. Compare 480 U.S. at 112 (O'Connor, J.) with 480 U.S. at 116-17 (Brennan, J.). But regardless of which theory ultimately

ORDER ON DEFENDANT'S MOTION TO DISMISS - 3

prevails, Defendant Sonny Corporation did in fact do "something more" than simply operate a website; it consummated sales transactions with Washington residents.

Plaintiff has shown, and Defendant does not contest, that Defendant used its website to advertise, sell, and ship its product into customers' Washington homes.  Therefore, Defendant operates an interactive website that exchanges substantial commercial information with Washington residents.  Cf. Cybersell, 130 F.3d at 419-20.  Defendant's conduct also satisfies the "effects doctrine" because it (1) was intentional, (2) was expressly aimed at Washington in that the website lists Washington as an available shipping location and Defendant intentionally shipped its product into this state, and (3) allegedly caused harm here.  See Rio, 284 F.3d at 1019-20.  Not only did Defendant operate an interactive—not passive—website, it engaged in the "something more" that is required to support jurisdiction:  it intentionally made sales to Washington residents and shipped its product here.  Defendant therefore purposefully availed itself of Washington.

2. Arising out of the Forum-Related Activities

In order to "arise out of" the forum-related activities, the claim must be a "but-for" result of those activities.  Ziegler v. Indian River County, 65 F.3d 470, 474 (9th Cir. 1995).  The claims here are based on Defendant's sale of its product to Washington consumers through its website.  (Pl. Opp'n at 10).  Defendant argues that the claims cannot arise out of its contacts in Washington because it has no meaningful contacts in Washington, (Def's. Mot. at 7-8), but Plaintiff is correct:  but for Defendant's utilization of its website to pass its product into Washington, Plaintiff would not have allegedly suffered harm in Washington.

3. Reasonableness

In determining whether it is reasonable to exercise specific jurisdiction, courts in the Ninth Circuit consider seven factors: (1) the extent of a defendant's purposeful injection into the forum, (2) the burden on the defendant in defending in the forum, (3) the extent of conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient

ORDER ON DEFENDANT'S MOTION TO DISMISS - 4

judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. <u>Panavision Int'l, L.P. v. Toeppen</u>, 141 F.3d 1316, 1323 (9th Cir. 1998).

Defendant argues that Washington has no interest in this case because Plaintiff is present in every state and Defendant's sales here are very few. However, based on the relevant factors, Defendant has not presented a "compelling case" that jurisdiction is unreasonable:

1. Defendant purposefully injected itself into Washington by making sales to Washington residents. However, it appears that these sales amount to a small fraction of its total sales. (<u>See</u> Pl's. Opp'n, Decl. of Anthony Malutta, at Ex. C, Interrog. No. 6). This factor is therefore neutral. <u>CE Distrib., LLC v. New Sensor Corp.</u>, 380 F.3d 1107, 1112 (9th Cir. 2004).

2. Defendant has not demonstrated any burden that would result from having to defend itself against suit in Washington. This factor is neutral, or weighs in Plaintiff's favor.

3. Three of Plaintiff's claims are made under the Lanham Act, which is federal law that would be analyzed the same in every district. Plaintiff's other claims under Washington law each have Michigan analogues. <u>Compare</u> RCW 19.77.160 <u>with</u> MCL 429.42-43 (trademark dilution); RCW 19.86 et seq. <u>with</u> MCL 445.903 (unfair trade practices); <u>Seattle Endeavors, Inc. v. Mastro</u>, 123 Wn.2d 339, 345-48 (1994) <u>with</u> <u>Boron Oil Co. v. Callanan</u>, 50 Mich. App. 580, 583-85 (1973) (common law unfair competition). Therefore, the sovereignty of Michigan is not implicated by jurisdiction in Washington. <u>See</u> <u>Toeppen</u>, 141 F.3d at 1323. This factor weights in favor of jurisdiction.

4. Washington has a substantial interest in adjudicating this dispute because Plaintiff is a Washington resident that alleges tortious injury due to the conduct of another. <u>See</u> <u>CE Distrib., LLC v. New Sensor Corp.</u>, 380 F.3d 1107, 1112 (9th Cir. 2004). However, because Plaintiff advertises and promotes itself in every state, (Pl's. Opp'n at 2), this interest is

ORDER ON DEFENDANT'S MOTION TO DISMISS - 5

1   diminished under these facts. <u>Terracom v. Valley Nat. Bank,</u> 49 F.3d 555, 561 (9th Cir. 1995). This factor is therefore neutral, or weighs in Plaintiff's favor.

5.  The most efficient judicial resolution of the controversy focuses on the availability of evidence, but no longer weighs as heavily because of modern advances in transportation and communication. <u>Toeppen</u>, 141 F.3d at 1323-24. On this factor, Defendant offers no evidence or argument. This factor is therefore neutral, or weighs in Plaintiff's favor.

6.  Plaintiff has significant operations in Washington and this forum is convenient for Plaintiff. However, given that Plaintiff is also present in Michigan and could bring causes of action there, the importance of this forum to Plaintiff's interest in effective and convenient relief is not great. This factor is therefore neutral.

7.  There are many alternative forums, including Defendant's home state of Michigan. Therefore, this factor weighs in Defendant's favor.

Balancing the above factors in view of Defendant's assertions, it is clear that Defendant has failed to present a "compelling case" that jurisdiction is unreasonable.

**Conclusion**

Defendant purposefully availed itself of Washington by advertising, selling, and shipping its product here, Plaintiff's claims arise directly out of that conduct, and Defendant has not presented a "compelling case" that jurisdiction would be unreasonable. Therefore, Defendant's motion to dismiss for lack of personal jurisdiction will be denied.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: May 15, 2006

                                         s/Marsha J. Pechman
                                         Marsha J. Pechman
                                         United States District Judge

ORDER ON DEFENDANT'S MOTION TO DISMISS - 6